**BURKE COUNTY, GEORGIA; City of Waynesboro, Georgia; Screven County, Georgia; and City of Sylvania, Georgia, Plaintiffs,**

v.

**UNITED STATES of America, Defendant,**

and

**Interstate Commerce Commission, Savannah & Atlanta Railway Company, and Central of Georgia Railway Company, Intervening Defendants.**

**Civ. A. No. 1031.**

United States District Court
S. D. Georgia,
Augusta Division.

June 29, 1962.

Scarlett, J., dissented.

Henry T. Chance, Roy V. Harris, of Harris, Chance, McCracken & Harrison, Augusta, Ga., W. Colbert Hawkins, Sylvania, Ga., H. Cliff Hatcher, Waynesboro,

Ga., R. U. Harden, Waynesboro, Ga., for plaintiffs.

Lee Loevinger, Asst. Atty. Gen., Washington, D. C., Donald H. Frazier, U. S. Atty., S. D. of Georgia, Savannah, Ga., William T. Morton, Asst. U. S. Atty., Augusta, Ga., for defendant United States.

James Y. Piper, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for intervening defendant, Interstate Commerce Commission.

R. M. Hitch, Savannah, Ga., for Intervening defendant Savannah & Atlanta R. Co.

John B. Miller, Savannah, Ga., for intervening defendant Central of Georgia R. Co.

Hitch, Miller, Beckmann & Simpson, Savannah, Ga., of counsel for intervening defendants.

Before JONES, Circuit Judge, and SCARLETT and SIMPSON, District Judges.

SIMPSON, District Judge.

This suit is brought pursuant to Title 49 U.S.C.A. § 17(9), and Title 28 U.S.C. § 2321 et seq. to set aside that portion of an order of the Interstate Commerce Commission which permitted the Savannah & Atlanta Railroad Company (hereinafter referred to as the S. & A.) to abandon its line of railroad between Sylvania, Georgia and Waynesboro, Georgia.

On September 2, 1959, the S. & A. filed an application with the I.C.C. seeking permission under Section 1(18) of Title 49 U.S.C.A. to abandon its line of railroad between Sylvania and Waynesboro. In that same application, Finance Docket 20810, the Central of Georgia Railway Company sought permission to abandon its line of railroad between Central Junction, Georgia, and Oliver, Georgia. The two railroads proposed to build a line of track connecting the S. & A.'s track line near Ardmore, Georgia, and the Central of Georgia's track line near Oliver and to acquire trackage rights over the other's line. Each railroad could then run trains from Savannah to Waynesboro over the S. & A.'s tracks from Savannah to the connecting track, over the connecting track to the Central of Georgia's line and over Central of Georgia's track line to Waynesboro. At the time of this application the two railroads each operated a complete track line connecting Savannah and Waynesboro. The railroads contended that the traffic on each line was insufficient to justify the maintenance of both, the cost of maintenance and operation of the separate lines adversely affecting the financial position of both railroads.

A hearing was held before hearing examiner, John L. Bradford, on the joint application. At this hearing, many parties, including plaintiffs in this action, appeared protesting S. & A.'s application to abandon its line of track, contending that the expanding traffic along that line of track justified its continued operation. Several protestants, including plaintiffs, also contended that the railroads should not be allowed to abandon the S. & A. line of track because the railroads had promised ten years earlier, when control of S. & A. was acquired by the Central of Georgia Railroad, that the S. & A. track line would not be abandoned. Several of the protestants averred that they would have strenuously opposed the application of the Central of Georgia to acquire control of the S. & A. but for those promises of the railroads. The hearing examiner noted this contention in his report in discussing the opposition of the Georgia Public Service Commission to S. & A.'s proposed abandonment, but made no specific findings on that issue.

In that report, the examiner recommended that the public convenience and necessity warranted granting the Central of Georgia's application for permission to abandon its track line between Central Junction and Oliver but recommended that the S. & A.'s application to abandon its track line between Sylvania and Waynesboro be denied. This latter recommendation was based on his conclusion that potential for future traffic along the S. & A.'s track line was bright and would support its operation. The railroads

excepted to this part of the examiner's report. Upon review, the Commission, Division 4, found that public convenience and necessity permitted abandonment of the S. & A.'s track line between Sylvania and Waynesboro and granted the application to permit abandonment of that line of track. In all other respects, the examiner's report was adopted.

In its report, Finance Docket 20810, Division 4 of the Commission also alluded to the arguments of certain protestants that they had relied on promises of Central of Georgia Railway officials that the S. & A. line of track would not be abandoned when Central of Georgia acquired control of the S. & A. ten years earlier. These arguments did not "overly impress" the Commission. (p. 7, Commission Report).

Protestants, including plaintiffs, petitioned the full commission for reconsideration and rehearing. Those petitions denied, plaintiffs then brought this suit.

Plaintiffs are the counties through which that portion of the S. & A.'s track line to be abandoned runs and the cities on each end of that line. They are naturally concerned with the effect on their economic development of this abandonment, which will leave several smaller towns along the track line without direct rail service.

Both the examiner and the Commission, Division 4, fully considered the inconvenience that the proposed abandonment would cause to shippers and towns along this line of track. The Commission decided nevertheless that the present and future public convenience and necessity, permitted abandonment by the S. & A.

Plaintiffs do not contend that this decision was unsupported by substantial evidence. They contend only that the railroads should be estopped from abandoning the S. & A. track line because of the alleged promises which railroad officials made to plaintiffs' representatives never to abandon that line when Central of Georgia acquired control of S. & A. ten years earlier.

Defendants and Intervenors challenge plaintiffs' standing to raise this issue before the Court on the ground that the hearing examiner excluded as irrelevant all evidence relating to the alleged promises of the railroad officials offered by plaintiffs and plaintiffs did not preserve their exceptions to his ruling. We note that the Commission, Division 4, in its Report, Finance Docket 20810, referred to the arguments of certain protestants that they were entitled to rely on those alleged promises. So long as the Commission did consider those arguments, we will do likewise.

 When the Commission considers a proposed abandonment, the sole test prescribed is that abandonment be consistent with public necessity and convenience. The Commission authorizes abandonment, not to protect the railroad, but to protect interstate commerce from undue burdens or discrimination. Colorado v. United States, 271 U.S. 153, 46 S.Ct. 452, 70 L.Ed. 878 (1926).

Because the Commission is concerned with only the public interest to be served by an abandonment, carrier agreements with private or official parties to continue the operation of a line can have no effect on its decision. Baton Rouge Bus Co. Abandonment, 275 I.C.C. 1 (1949).

 If such agreements operated to prevent the Commission from authorizing abandonment even when the public convenience and necessity favored such authorization, the "sole" test for abandonment, as stated in Colorado v. United States, supra, at page 168, 46 S.Ct. 452, 70 L.Ed. 878, would be thwarted. Private agreements cannot thwart the Commission in its Congressionally delegated duty to regulate interstate commerce, Moeller v. Interstate Commission, 201 F. Supp. 583, 589–590 (S.D.Iowa 1962).

Plaintiffs attempt to distinguish contracts between a carrier and private parties in which the carrier agrees to continue service from promises made by a carrier official that the carrier will continue service. We can find no distinction. The carrier's contractual agree-

ment is certainly a promise. There is no reason why that promise should be given less effect than an oral promise of the kind here relied upon by plaintiffs. In the Moeller case, supra, plaintiff Lehigh Sewer Pipe and Tile Company loaned the railroad a large sum of money to rehabilitate the line of track that the railroad later sought to abandon. In return for that loan the railroad had agreed to continue service on that line. There Lehigh relied upon the railroad's agreement as an inducement to make the loan, just as the plaintiffs here allege reliance upon the promises of the officials of the two railroads at the time Central was granted permission to acquire control of S. & A.

It is our holding that such promises of the railroad officials, if made, did not restrict in anywise discharge by the Commission of its delegated duties with respect to the public interest. This being so, it was unnecessary for the Commission to decide, and in turn becomes unnecessary for us to decide, whether the alleged promises were made, whether if made they constituted fraud upon the plaintiffs, whether plaintiffs relied upon such promises, and whether all the elements of estoppel are present. Decision of each of these questions favorably to plaintiffs' contention would place the plaintiffs in no better position. This Court would still be without power to interfere with Commission action in its paramount field, that of public convenience and necessity.

Judgment will be entered dismissing the plaintiffs' complaint with prejudice and rendering final judgment in favor of the defendant and intervening defendants.

The foregoing memorandum opinion shall constitute the Court's findings of fact, conclusions of law, and direction of judgment provided by Rule 52(a) F.R. Civ.P., 28 U.S.C.A.

SCARLETT, District Judge (dissenting).

The evidence in this case states that the reason plaintiffs did not introduce evidence showing the abandonment of this particular portion of the Railroad would interfere with public convenience and necessity was on account of the fact that the defendant lulled them into a sense of security by stating to them time and time again through their representatives that there was no necessity of their introducing this particular evidence as that particular portion of the Railroad would never be discontinued and while the plaintiffs had evidence to submit to the Commission to prove that the discontinuance of the Railroad would interfere with public convenience and necessity they did not do so on account of these facts.

These representations by the Defendant were false and known to be false at the time the statements were made and were acted upon by the plaintiffs in good faith to the detriment of the plaintiffs. And this case should be resubmitted to the Interstate Commerce Commission to secure this evidence if possible.